IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JEANINNE C.,

                           Plaintiff,                  Civil Action No.

  v.                                           3:19-CV-1176 (DEP)

ANDREW SAUL, Commissioner of Social
 Security,

                            Defendant.

_____

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF

LACHMAN, GORTON LAW FIRM    PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main St.
Endicott, NY 13761-0089

FOR DEFENDANT

SOCIAL SECURITY ADMINISTRATION   LISA SMOLLER, ESQ.
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

DECISION AND ORDER

Plaintiff commenced this action to challenge an unfavorable determination by the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits and Supplemental Security Income benefits under the Social Security Act. Having prevailed in this court, plaintiff now seeks an award of attorney's fees and other expenses, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1]

While not arguing that the amount sought is unreasonable or unsupported, the Commissioner opposes the application, arguing that the government's position in this action was substantially justified. For the reasons set forth below, I agree and will therefore deny plaintiff's EAJA fee application.

I.   BACKGROUND

Plaintiff applied for benefits under Titles II and XVI of the Social Security Act, protectively, on July 14, 2015. In support of her applications, she claimed disability based upon Lupus, open sores all over her body,

---

[1]   Plaintiff's application, which was filed on February 23, 2021, is timely. Dkt. No. 23. Under 28 U.S.C. § 2412(d)(1)(B), a petition for fees under the EAJA must be filed within thirty days of the entry of final judgment. A judgment is deemed final when it is no longer appealable. 28 U.S.C. § 2412(d)(2)(G). In this case the underlying judgment became final on February 19, 2021, sixty days after its entry. *See* Fed. R. App. P. 4.

and depression. Following a hearing conducted on April 11, 2018, and a supplemental hearing held on August 20, 2018, Social Security Administrative Law Judge ("ALJ") Elizabeth Koennecke issued a decision on September 21, 2018, denying plaintiff's applications. That decision became a final determination of the agency on August 12, 2019, when the Social Security Administration Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on September 23, 2019, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). At the conclusion of a telephonic hearing conducted on September 16, 2020, I issued a bench decision in which, after applying the requisite deferential standard of review, I found that the Commissioner's determination was not supported by substantial evidence. An order was issued on December 18, 2020, incorporating that oral decision by reference, and ordering that judgment on the pleadings be granted to plaintiff vacating the Commissioner's determination and remanding the matter to the Commissioner for further proceedings, without a directed finding of disability. A judgment implementing that order was subsequently issued on December 21, 2020.

On February 23, 2021, plaintiff filed the instant motion seeking attorney's fees under the EAJA in the amount of $6,768.09. The Commissioner responded in opposition to the application on March 8, 2021, arguing that the government's position in this action was substantially justified.[2] Plaintiff since replied on March 9, 2021, in response to the government's opposition and in further support of her application.

II.    DISCUSSION

A.    Standard to be Applied

The EAJA provides, in relevant part, as follows:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To qualify for recovery under the EAJA, a plaintiff must demonstrate that (1) she is a prevailing party; and (2) she is eligible to receive an award. *See* 28 U.S.C. § 2412(d)(1)(B); *see also Smith v. Astrue,* No. 10-CV-0053, 2012 WL 3683538, at *1 (N.D.N.Y. Aug. 24, 2012) (Suddaby, C.J.) (citing 28 U.S.C. § 2412(d)(1)(B)); *Coughlin v.*

---

[2]    The Commissioner does not challenge plaintiff's calculation of the proper EAJA award should the court find her entitled to the fee award.

*Astrue*, No. 06-CV-0497, 2009 WL 3165744, at *1 (N.D.N.Y. Sept. 28, 2009) (Mordue, J.). In addition, the plaintiff must submit an itemized statement from the attorney appearing on her behalf detailing the time expended and the rates at which the fee request is calculated. *Smith,* 2012 WL 3683538, at *1; *Coughlin*, 2009 WL 3165744, at *1. In the event that a plaintiff satisfies these criteria, her EAJA request may nonetheless be denied upon a court's finding the "that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Coughlin*, 2009 WL 3165744, at *1.

As was previously noted, the Commissioner opposes plaintiff's application, arguing that the position advanced by the government in this action was "substantially justified." In support of an application for attorney's fees under the EAJA, a plaintiff must allege that the position on the government was not substantially justified. *Mills v. Colvin*, No. 11-CV-0955, 2013 WL 1499606, at *1 (N.D.N.Y. Apr. 11, 2013) (Sharpe, J.) (citing 28 U.S.C. § 2412(d)(1)(B)). Plaintiff has alleged as much in her EAJA fee application. With that allegation having been made, the burden now falls upon the Commissioner to establish that his opposition to plaintiff's application for benefits was substantially justified. *Mills*, 2013 WL

1499606, at *1 (citing *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999)); *see also Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (noting that the burden rests on the government to show that its position was "substantially justified").

The issue of the meaning of the term "substantially justified" for purposes of the EAJA, was before the Supreme Court in the seminal case of *Pierce v. Underwood*, 487 U.S. 552 (1988). In *Pierce*, the Court settled on a test of reasonableness, concluding that the phrase should be interpreted as meaning "justified to a degree that could satisfy a reasonable person." *Id.* at 565; *accord, Green v. Bowen*, 877 F.2d 204, 207 (2d Cir. 1989). In accordance with *Pierce*, the Second Circuit has further construed the term "substantially justified" to mean as "having a 'reasonable basis in both law and in fact.'" *Dunn*, 169 F.3d at 786 (quoting *Pierce*, 487 U.S. at 565); *see Ericksson*, 557 F.3d at 81; *see also* HR No. 96-1418, 96th Cong 2d Sess (1980).

B.   Analysis

In rendering my decision in the underlying action, and in recognition of the closeness of the case, I made the following statement:

> I will also note for the purposes of any
> contemplated Equal Access to Justice Act
> application that in the face of such an application,
> having reviewed this matter carefully, I would find

> that the government's position in this matter was
> substantially justified and the government has
> carried its burden to that affect.

Notwithstanding this observation, plaintiff now argues that the

Commissioner has failed to sustain its burden of demonstrating that the

government's position was substantially justified, arguing that 1) defendant

misrepresented the applicable law to the court; 2) defendant's position in

the case ran contrary to his binding policies; 3) the decision to give great

weight to the opinions of Dr. Chapman was not reasonable in law or fact,

and 4) other positions of the defendant were similarly unjustified.

      1.    <u>Consideration of Dr. Chapman's Report</u>

In November 2015, Dr. Chapman, an agency consultant who did not

examine the plaintiff, opined that plaintiff retains the ability to perform the

four basic demands of unskilled work on a sustained basis. Despite its

age, ALJ Koennecke accorded this opinion significant weight, finding that

it was supported by plaintiff's mental status examinations and the opinions

of record, as well as her ability to perform a wide range of daily activities,

and that subsequent evidence did not undermine the opinion and

demonstrate significant deterioration in plaintiff's mental condition. As the

Commissioner notes, the opinions of a state agency consultant are entitled

to weight if supported by medical evidence in the record, and can

7

constitute substantial evidence to support a determination. *Kelley S. v. Commissioner of Soc. Sec.*, No. 5:17-CV-1234, 2019 WL 529909 at *7 (N.D.N.Y. Feb. 17, 2019).

Plaintiff properly notes that one of the reasons cited by the Commissioner in defending Dr. Chapman's opinion relates to the definition of a moderate limitation that does not appear to apply in this case. *See* 20 C.F.R. Pt. 404, Subpt. Pt. p, App.1, Section 12.00.F.2(c). That definition was adopted after Dr. Chapman issued her opinion in 2015, and thus could not have been a basis for her use of the term "moderate limitation." Moreover, as plaintiff notes, the definition only applies to evaluation of the "paragraph B" criteria in the listings, and not to the formulation of a plaintiff's residual functional capacity ("RFC").

While in the end I concluded that Dr. Chapman did not adequately explain her reasoning for her mental RFC finding and the basis for opining that plaintiff is capable of performing the demands of unskilled work on a sustained basis notwithstanding a finding of moderate limitation in her ability in that regard, I am unable to say that, on balance, the Commissioner's position defending the ALJ's decision to accord significant weight to Dr. Chapman's opinions was unreasonable.

2.    Anxiety

In his brief in the underlying action, the Commissioner argued that "[p]laintiff has failed to provide any ability to support her argument nor has she cited to any records to support her experiencing anything more than anxiety." Focusing upon this statement, plaintiff has construed this statement as representing the Commissioner's erroneous view that anxiety can never support a claim of disability. The court did not interpret the Commissioner's statement as espousing such a view, and recognizes that both under the listings of presumptively disabling conditions and otherwise, anxiety can be disabling. The apparent focus of the Commissioner's argument which encompassed that statement was the relationship between plaintiff's anxiety and an adverse effect on her potential workplace attendance, the Commissioner going on to note, as did the ALJ, that plaintiff's ability to perform a wide range of daily activities undermines the asserted attendance issues. I therefore do not find this to be a basis for finding that the government's position in this matter was not substantially justified.

3.    Other Arguments

It is true that despite the governing, exceedingly deferential, standard I nonetheless concluded that the ALJ's decision in this matter is

not supported by substantial evidence. This alone, however, does not invariably lead to a finding that the government's position in the matter was not substantially justified. *Mills v. Colvin*, No. 11-CV-0955, 2013 WL 1499606, at *1 (N.D.N.Y. Apr. 11, 2013) (Sharpe, C.J.) (citing *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988)). Having carefully reviewed the record in light of plaintiff's argument, I adhere to my earlier-announced belief that while not persuasive to the court, the government's position in this matter nonetheless was substantially justified, and the Commissioner has carried his burden of so demonstrating.

IV.   SUMMARY AND CONCLUSION

In order to defeat plaintiff's application for award of attorney's fees under the EAJA, the Commissioner must prove that the government's position in the action was substantially justified. In this case I find that the government has successfully shouldered that burden. Accordingly, it is hereby

ORDERED, that the plaintiff's application for an award of attorney's fees under the EAJA [Dkt. No. 21] is DENIED in all respects.

Dated:   April 19, 2021
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

10